**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : |
| | :    **No. 21-CR-68 (TNM)** |
| **JENNY LOUISE CUDD and** | : |
| **ELIEL ROSA,** | : |
| **Defendants.** | : |

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━:

## UNITED STATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully submits its reply in support of its motion for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. The government relies on the following points and authorities, and any other such points and authorities raised at a hearing on this matter.

On March 9, 2021, the government contacted defense counsel for Ms. Cudd to inquire whether the defense would be willing to consent to the then-latest version of the protective order. Counsel for defendant Cudd opposed but did not state which provisions she objected to and did not propose any specific modifications. On April 2, 2021, the government again contacted counsel for defendant Cudd and provided a revised version of the protective order, to which counsel for co-defendant Rosa, Shelli Peterson, consented. On April 7, the government filed its motion for a protective order, still having not received a response from counsel for defendant Cudd. On April 8, 2021, defendant Cudd filed her opposition to the government's motion for a protective order, again not attempting to confer with counsel for the government on revisions and

again not proposing constructive modifications.[1]  To the extent the defendant Cudd takes issue with Paragraphs 4(d) and 4(e) of the government's April 7 proposed protective order, the government proposes the attached April 13 revised protective order.

Defendant Cudd is charged by indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021.  In brief, on that date, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had gathered outside forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts.  Scores of individuals entered the U.S. Capitol without authority to be there.  As a result, the Joint Session and the entire official proceeding of the Congress was halted until the Capitol Police, the Metropolitan Police Department, and other law enforcement agencies from the city and surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.  This event in its entirety is hereinafter referred to as the "Capitol Attack."

Because such a large number of people, including defendant Cudd, joined the mob involved in the Capitol Attack, the resulting criminal investigation (and related discovery) is simply huge.  Hundreds of individuals have been charged and more are being investigated.  The investigation already involves thousands of hours of video, over a thousand electronic devices, thousands of reports, and the numbers continue to grow as more suspects are identified and arrested.  Moreover, there are specific and prominent security concerns at issue as well – namely

---

[1] Defense counsel filed a similar opposition to the government's protective order on April 7, 2021, in *U.S. v. John Steven Anderson*, 21-cr-215 (RC).

ensuring the continued safety of those working in the Capitol while simultaneously prosecuting those who attacked them. Given this larger context and the need to provide discovery effectively and efficiently to defendant Cudd and her co-defendant Mr. Rosa, the government has sought the proposed protective order.

Ultimately, in order to comply with its discovery and disclosure obligations, the government intends to make voluminous materials available in all pending cases arising out of the events of January 6, 2021, including this one. These materials will include information such as tips, witness statements, and the results of searches performed upon other individuals' devices and accounts. Given the volume of material that is likely to be made accessible to defendant Cudd, the proposed order ensures that this information, where appropriate, will be adequately protected.

Putting aside the inflammatory language and bald assertions, defendant Cudd does not substantively dispute any of the facts supporting the use of a protective order in this matter. Defendant Cudd does not dispute that the investigation and prosecution of those implicated in the Capitol Attack will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. Defendant Cudd does not dispute the scope of the charges that are under investigation or the voluminous amounts of information and evidence relating to both charged and uncharged individuals which may be discoverable pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500. Nor does defendant Cudd dispute the possibility that some of these evidentiary materials may contain sensitive information. (Examples of the types of information that the Government may designate Sensitive or Highly

Sensitive are identified in paragraph one of the proposed order.)  Finally, defendant Cudd does not claim that any aspect of the proposed order would be particularly onerous or unworkable.

For these reasons and those stated in its motion, the government has demonstrated the "good cause" required for the Court to issue a protective order governing the production of discovery in this matter.  *See United States v. O'Keefe*, No. 06-CR-0249, 2007 WL 1239204, at *2 (D.D.C. Apr. 27, 2007) (describing the court's discretion as "vast"); *Cordova*, 806 F.3d at 1090 ("[A] 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)).

Many of defendant Cudd's objections mischaracterize the proposed order as rendering certain categories of evidence as subject to protection.  While paragraph one of the proposed order includes an illustrative list of items that could be subject to a sensitivity designation, it does not designate any particular category of items as Sensitive or Highly Sensitive.  The same paragraph makes clear that the government will "make every effort to provide discovery in a manner that will allow for most discovery to be produced without such designations."[2]  Paragraph 11 makes clear that the order does not apply to, *inter alia*, materials that are or later become part of the public court record, or that are derived directly from or pertain solely to the defendant.

Further, Paragraph 8 requires the government to make "a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention," and agree to redaction whenever redaction will resolve the basis for which the designation was applied.[3]

---

[2] Though not mentioned by defendant Cudd, the government has already produced preliminary discovery in this matter, all without any sensitivity designation.

[3] Defendant Cudd claims that the proposed order is an attempt to shift the burden of "redacting sensitive information" to defense counsel (Opp. at 7).  Notably, she does not cite any provision of the proposed order which does this – because there is none.  The only reference to "redaction"

Paragraph 9 of the proposed order makes clear that defendant retains the right to seek modification of the proposed order and to challenge any particular designation before this Court. It also states explicitly that the burden of justifying any designation remains with the government.

The remainder of defendant Cudd's objections are meritless. She suggests that the proposed order will keep information from the public at pre-trial hearings or at trial (Opp. at 3-4), but Section 4(e) of the proposed order makes clear that none of the restrictions in the order applies to the use of materials in judicial proceedings, and that any such use will be addressed by the parties and the Court prior to any such proceedings.

Defendant Cudd suggests that the government will seek to designate all body-worn camera footage as sensitive (Opp. at 4-5), when, in fact, footnote one of the proposed order explicitly states that the government will not mark the vast amount of body worn camera Sensitive or Highly Sensitive.

Defendant Cudd argues that the government seeks to prevent the defense from using any security footage from the Capitol cameras in its pleadings unless the government has already used the same footage in its pleading (Opp. at 5). First, the proposed order does not make this assertion, and the government has never made this assertion to the defendant. Second, the government has no objection to the defense using still shots from footage in pleadings, just as the government has done. For the reasons stated in Attachment A, the Declaration of Thomas A. DiBiase, General Counsel to the United States Capitol Police ("USCP"), the proposed order does indicate that video

---

in the proposed order is in paragraph 8, which provides that government may agree to redaction of information as a way to resolve the need for a sensitivity designation for a particular piece of evidence, but imposes no obligation on the defense counsel to make any redactions.

footage may be subject to protection. At this juncture, however, as no such footage has been turned over, the objection to such a designation as to any particular excerpt of footage is premature.[4]

While defendant Cudd's opposition contains a section entitled "Defense Proposal" (Opp. at 8), it is clear that the defense is not actually proposing a constructive alternative, but simply opposes a protective order of any kind.

The government has established the requisite good cause for the proposed protective order. The proposed order is designed to ensure the defense has liberal access to discovery while protecting sensitive materials from unwarranted disclosure. The reasonableness of the proposed protective order is also demonstrated by the fact that, with or without minor modifications, the proposed protective order has already been adopted without opposition in Capitol Attack cases by Judges Bates (see *U.S. v. Klein*, 21-cr-236), Berman Jackson (see *U.S. v. Black*, 21-cr-127), Boasberg (see *U.S. v. Jancart*, 21-cr-148), Brown Jackson (see *U.S. v. Fitzimons*, 21-cr-181), Cooper (see *U.S. v. Egtvedt*, 21-cr-177), Friedrich (see *U.S. v. Martin*, 21-cr-201), Friedman (see *U.S. v. Bromley*, 21-cr-250), Hogan (see *U.S. v. Hatley*, 21-cr-98), Kollar-Kotelly (see *U.S. v. Caldwell*, 21-cr-181), Lamberth (see *U.S. v. Munchel*, 21-cr-118), Mehta (see *U.S. v. Wood* (21-cr-223), and Nichols (see *U.S. v. Miller*, 21-cr-119), as well as by Magistrate Judges Faruqui (see

---

[4] For the reasons described in Attachment A, the government does intend to mark all surveillance video footage from the USCP surveillance cameras as Highly Sensitive. If such footage is produced to the defense, and the defense believes that a Highly Sensitive designation is inappropriate, the defense will have the opportunity to contest that designation, as described above. At that time, the defense will have the opportunity to explain to this Court how limiting the disclosure of such materials to the defendant, her defense counsel, as well as any attorneys, investigators, paralegals, support staff, and expert witnesses on her defense team is "interfering with the attorney-client relationship" (Opp. at 3) or why public disclosure is essential to Ms. Cudd's defense to the charges. Similarly, if the defense wishes to use such footage at a hearing in Court, it will be permitted to do so under the proposed order. The order simply requires the defense to seek the government's agreement or to give the government an opportunity to propose conditions before the footage is disclosed in open court – a decision that ultimately rests with the Court.

*U.S. v. Wilson*, 21-mj-229), Harvey (*see U.S. v. Adams*, 21-mj-291), and Meriweather (*see U.S. v. Hernandez*, 21-mj-73).

## CONCLUSION

For the foregoing reasons, the government respectfully requests the Court issue a protective order governing the production of discovery in this matter as the government has demonstrated good cause.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:      _____*/s/*_____
         AMANDA FRETTO
         D.C. Bar No. 1018284
         Assistant United States Attorney
         555 4th Street, N.W.
         Washington, D.C. 20001
         (202) 252-7268
         Amanda.Fretto@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

On this 13nd day of April, 2021, a copy of the foregoing was served on counsel of record for the defendants via the Court's Electronic Filing System.

_____*/s/*_____
AMANDA FRETTO
Assistant United States Attorney